■ Louis L. Rosenberg, Respondent, v. Joseph Rae, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. Theodore Blatt, Third-Party Defendant-Respondent.— In an action to foreclose a real property mortgage, the defendant and third-party plaintiff appeals from an order of the Supreme Court, Kings County, dated March 17, 1969, which (1) denied his motion to restore the case to the calendar for trial and (2) granted the respective motions of the plaintiff and the third-party defendant to dismiss appellant's counterclaims and third-party complaint for lack of prosecution. Order reversed, on the law and the facts, with one bill of $10 costs and disbursements against respondents jointly; appellant's motion granted; case restored to the calendar of Special Term, Part III, Kings County, for August 31, 1970; and motions of the plaintiff and the third-party defendant denied. The Special Term was without power to grant the motions to dismiss for failure to prosecute, since the notice required by CPLR 3216 had not been served on the defendant and third-party plaintiff. Accordingly, the motion to restore should have been granted. Hopkins, Acting P. J., Martuscello and Brennan, JJ., concur; Munder and Benjamin, JJ., dissent and vote to modify the order of Special Term so as to strike the word "granted" from the second and third decretal paragraphs thereof and to substitute therefor the word "denied", and to affirm the order as so modified, with the following memorandum: In this mortgage foreclosure action, instituted in February, 1963, defendant Rae interposed various counterclaims against plaintiff and a third party action against third-party defendant Blatt, based on claims of fraud, conspiracy and economic duress. In July, 1964 the action was tried; a judgment of foreclosure was granted and the counterclaims and third-party complaint were dismissed. Defendant Rae appealed to this court. While the appeal was pending, the underlying property was sold and the mortgage was satisfied. Thereafter, on July 12, 1965 this court reversed and granted a new trial because of errors by the trial court (*Rosenberg* v. *Rae*, 24 A D 2d 612). From July 12, 1965 to November 14, 1968 Rae did nothing to obtain the retrial granted by us. Then, on the latter date (more than four years after the mortgage had been satisfied and three and a half years after we granted a new trial) he moved to restore the case to the calendar; the motion was denied, without prejudice to renewal upon proper papers; he then renewed his motion; plaintiff moved to dismiss Rae's counterclaims for lack of prosecution; and third-party defendant Blatt moved for summary judgment dismissing the third-party complaint. Special

Term denied Rae's motion to restore to the calendar, deemed Blatt's motion one to dismiss for lack of prosecution, and granted the motions by plaintiff and Blatt to dismiss the counterclaims and third-party complaint for lack of prosecution. We believe that Special Term's denial of Rae's motion to restore the case to the calendar was correct. The payment and satisfaction of plaintiff's mortgage in 1964 terminated his cause of action to foreclose it and all that remained were Rae's independent counterclaims and third-party action. It may be that Special Term lacked power to dismiss the counterclaims and third-party action for lack of prosecution because of the failure to serve Rae with the 45-day notice required by CPLR 3216. But that noncompliance with CPLR 3216 in no way affected or limited Special Term's discretionary power to refuse to restore the case to the calendar. That statute does not deal with motions to restore cases to the calendar; it does not say that failure to serve a 45-day notice gives the adverse party an absolute right to have a defunct case restored to the calendar on the theory that nonservice of such a notice cures all delays by the adverse party, no matter how inexcusable or prejudicial to his opponent. We see no justification for so construing CPLR 3216 as to bring motions to restore within its ambit and as to confer on a grossly dilatory party the absolute right to have his previously-abandoned case restored to the calendar, either where the CPLR 3216 notice has not been served or where it was served and the motion to restore was made within 45 days. Such construction would strip Special Term of all discretion on motions to restore to the calendar and we do not believe that CPLR 3216 was ever intended to go that far. In the present case, the four-year delay in moving to restore the case to the calendar, following payment of the mortgage in full, mandates the inference that Rae abandoned his counterclaims and third-party action when plaintiff's mortgage was satisfied. Moreover, the record clearly shows that the delay would prove to be seriously prejudicial to plaintiff and third-party defendant Blatt if the counterclaims and third-party action were now to be resuscitated by restoration to the calendar. On this record, then, there is ample justification for Special Term's discretionary denial of Rae's motion to restore this defunct case to the calendar and that determination should be affirmed. We therefore vote to modify Special Term's order so as to deny the motions to dismiss the counterclaims and third-party complaint for lack of prosecution, while leaving in effect the provision of the order denying Rae's motion to restore the case to the calendar. In effect, the counterclaims and third-party action would be left in limbo, and that is where they belong.